IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARNEY DURANJACOME,<br>    Plaintiff, | :<br>:    C.A. No.:<br>: |
| v. | :<br>:    **NON-ARBITRATION CASE** |
| NATASHA JOYNES and RHONDA REYNOLDS, | :<br>:    **JURY OF SIX DEMANDED**<br>: |
|     Defendants. | : |

## COMPLAINT

### PARTIES

1. Plaintiff, Marney Duranjacome, resides at 3140 Amador Drive, Virginia Beach, Virginia, 23456.

2. Defendant, Natasha Joynes, resides at 109 East Jewell Street, Delmar, Delaware, 19940.

3. Defendant, Rhonda Reynolds, resides at 109 East Jewell Street, Delmar, Delaware, 19940.

### JURISDICTION

4. Paragraphs 1 through 3 are incorporated herein by reference.

5. Jurisdiction is conferred pursuant to 28 U.S.C. §1332(a)(1) and § 1332(c)(1) as the amount in controversy exceeds $75,000.00 and the action is between citizens of different states. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a), as this is the judicial district in which the defendants reside and the judicial district in which a substantial part of the events or omissions giving rise to this claim occurred.

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

## FACTUAL ALLEGATIONS

6. On or about Tuesday, July 6, 2004, at approximately 6:50 p.m., the plaintiff, Marney Duranjacome, was a passenger in a motor vehicle operated by Jaime Duranjacome, traveling southbound on US 13 near the intersection of Allens Mill Road (CR 454A).

7. At the aforementioned time and place, the defendant, Natasha Joynes, operating a vehicle owned by defendant Rhonda Reynolds, was driving eastbound on Allens Mill Road (CR 454A), when she disregarded a stop sign and entered the intersection, impacting the passenger side of plaintiff's vehicle, resulting in serious personal injuries to the plaintiff, Marney Duranjacome.

8. Defendant, Natasha Joynes, was cited for disregarding a stop sign, in violation of 21 Del. C. §4164(b).

## COUNT I
## CLAIM AGAINST NATASHA JOYNES

9. Paragraphs 1-8 are incorporated herein by reference.

10. The direct and proximate cause of the accident was the negligence of the defendant, Natasha Joynes, as follows:

    (a) She failed to obey a stop sign, in violation of 21 Del. C. §4164(b);

    (b) She entered into, upon and/or across a roadway before such movement could be made in safety, in violation of 21 Del. C. §4164(b);

    (c) She failed to yield the right-of-way to vehicles approaching from the opposite direction, in violation of 21 Del. C. §4133

    (d) She operated her vehicle in a careless and imprudent manner without due regard to road, weather and traffic conditions then existing, in violation of 21 Del. C. §4176(a);

    (e) She failed to give full time and attention to the operation of her vehicle, in violation of 21 Del. C. §4176(b);

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

(f) She operated a vehicle which was not equipped with brakes adequate to control the movement of and stop such vehicle, in violation of 21 Del. C. §4303(a);

(g) She drove her vehicle in willful and wanton disregard for the safety of persons and property on said roadway, in violation of 21 Del. C. §4175(a);

(h) She operated a motor vehicle at a high and excessive rate of speed without due regard to road, weather and traffic conditions then existing, in violation of 21 Del. C. §4168(a);

(i) She failed to maintain a proper lookout while operating her vehicle, in violation of 21 Del. C. §4176(b);

(j) She failed to keep her vehicle under proper and adequate control at the time of the accident in violation of the common law duty of care she had to others on the highway, including the plaintiff Marney Duranjacome;

(k) She failed to maintain and keep a proper lookout for persons and other vehicles in the area at the time of the accident, in violation of the common law duty of care she had to others on the highway, including the plaintiff Marney Duranjacome;

(l) She failed to operate her vehicle as a reasonable and prudent person under the circumstances in doing the aforementioned acts set forth in subparagraphs (a) through (k), in violation of the common law duty of care she had to others on the highway, including the plaintiff Marney Duranjacome;

(m) She was otherwise negligent.

## COUNT II
## CLAIM AGAINST RHONDA REYNOLDS

11. Paragraphs 1-10 are incorporated herein by reference.

12. The defendant, Rhonda Reynolds, was the owner of the vehicle operated by the defendant, Natasha Joynes, at the time of the aforesaid accident.

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

13. A proximate cause of the aforesaid collision was the negligence of the defendant, Rhonda Renyolds, by entrusting her vehicle to Natasha Joynes, whom she knew or should have known would act in a manner likely to cause injury to third persons.

14. The defendant, Rhonda Reynolds, by entrusting her vehicle to a person whom she knew or should have known would act in a manner likely to cause injuries to third parties, acted in a manner which constituted willful and wanton disregard for the safety of others, including the plaintiff, Marney Duranjacome.

15. At all times relevant to this litigation, Natasha Joynes, was the agent, servant and/or employee of the defendant, Rhonda Reynolds. [DENIAL OF THIS ALLEGATION BY THE DEFENDANT MUST BE MADE BY AFFIDAVIT, PURSUANT TO 10 DEL. C. §3916.]

16. The defendant, Rhonda Renyolds, is vicariously liable for the acts of her agent, servant and/or employee.

17. She was otherwise negligent.

## COUNT III
## CLAIM OF MARNEY DURANJACOME

18. Paragraphs 1 through 17 are incorporated by reference.

19. As a direct and proximate result of the defendants' negligence, plaintiff, Marney Duranjacome, suffered severe personal injuries, both of a temporary and permanent nature, including but not limited to the following: lumbar disk degeneration at L1-L2, disc bulging at L1-L2, blurred vision, neck pain, headaches, cervical thoracolumbar strain, left subacromonial bursitis, patellofemoral syndrome, back pain and pain in her arms.

20. As a consequence of her injuries, the plaintiff, Marney Duranjacome, has experienced, continues to experience, and is likely to experience in the future, substantial physical pain and suffering and discomfort, including recommended surgery.

Doroshow, Pasquale,
Krawitz & Bhaya
1202 Kirkwood Highway
Wilmington, Delaware 19805
302-998-0100

21. As a further consequence of her injuries, the plaintiff, Marney Duranjacome, has experienced, continues to experience, and is likely to experience in the future, emotional pain, suffering, anxiety, and nervousness.

22. As a further result of the defendants' negligence, the plaintiff, Marney Duranjacome, has incurred and may in the future continue to incur, substantial medical bills for treatment of the injuries sustained in the accident.

WHEREFORE, the plaintiff, Marney Duranjacome, prays that this Court enter judgment against the defendants, Natasha Joynes and Rhonda Reynolds, jointly and severally, for all compensatory and special damages and for the cost of this action, along with any other relief that this Court may deem proper.

DOROSHOW, PASQUALE
KRAWITZ & BHAYA

By: _____
ARTHUR M. KRAWITZ
MATTHEW R. FOGG
1202 Kirkwood Highway
Wilmington, Delaware 19805
(302) 998-0100
Attorneys for Plaintiffs

DATED: 3/17/06

JS 44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
MARNEY DURANJACOME

(b) County of Residence of First Listed Plaintiff: **Virginia Beach**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Doroshow, Pasquale Krawitz & Bhaya
1202 Kirkwood Highway, Wilmington, DE 19805

## DEFENDANTS
NATASHA JOYNES and RHONDA REYNOLDS

County of Residence of First Listed Defendant: **Sussex**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | **PERSONAL PROPERTY** |  |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☒ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land |  / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **28 U.S.C. §1332**
Brief description of cause: Personal injury – motor vehicle accident

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/16/06
SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____